IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIK ORLANDO LOPEZ-MARTINEZ, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:26-cv-00626-RAH |
| RALPH TUCKER, *et al.*, | ) ) | |
| Defendants. | ) | |

## <u>ORDER</u>

This Cause is before the Court on Petitioner Erik Lopez-Martinez's Petition for Writ of Habeas Corpus (doc. 1) under 28 U.S.C. § 2241. Petitioner seeks injunctive relief directing Respondents to release him from detention, or, in the alternative, to direct Respondents to provide him with a bond hearing before an immigration judge. (Doc. 2 at 1.)

In 2017, Petitioner was granted voluntary departure in lieu of removal by an immigration judge. (Doc. 1-7 at 3–4; Doc. 1 at 11.) Yet, he never left the United States. (Doc. 1 at 12.) Pursuant to 8 U.S.C. § 1229c(d) and 8 C.F.R. § 1240.26(d), the voluntary departure order automatically converted into a final order of removal once he failed to depart within sixty days.

In June 2025, Petitioner was detained after law enforcement executed a search warrant at his place of employment. He was held at the Montgomery Municipal Jail for nearly a year pursuant to a material witness warrant under 18 U.S.C. § 3144. (Doc. 1 at 2.) On May 22, 2026, the Magistrate Judge granted the Government's request to dismiss the material witness warrant and ordered that he be released from

further custody. (Doc. 1-4.) On grounds that are unknown to the Court, Petitioner was not released and remained in custody at the Montgomery Municipal Jail. (Doc. 1 at 9.) He then filed the present petition for writ of habeas corpus on July 31, 2026, seeking an order compelling his release from custody.

On August 3, the Court issued an Order directing Respondents to show cause as to why the petition should not be granted. (Doc. 4.) The Order directed Respondents to file a response on or by August 5, 2026, and Petitioner to file a reply on or by August 7, 2026. (*Id.*) Respondents filed a response and indicated that Petitioner was not "in custody" by federal immigration officials at the time of the filing of the petition. (Doc. 6.) They indicated that although ICE had issued a detainer at the time the petition was filed, ICE had not yet taken physical custody. They further indicated that on August 4, 2026—five days after the petition was filed—Petitioner was transferred into ICE custody within the jurisdiction of the Northern District of Alabama. (Doc. 6-1.) Petitioner failed to respond as instructed in the Order.

This petition is due to be dismissed without prejudice for two reasons.

First, Petitioner failed to comply with the Court's order. A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) (finding this authority "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts"); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting

that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion" (citations omitted)).

Because Plaintiff has failed to timely comply with the Court's show cause order, the Court concludes that this action is due to be dismissed without prejudice and that no lesser sanction would be effective.

Second, based on Respondents' uncontested and unrebutted assertions in their response, the Court lacks subject matter jurisdiction over the petition. A petitioner may bring a § 2241 petition to challenge custody alleged to be in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). A petitioner must be in the "custody" of the authority against whom relief is sought at the time the petition is filed. *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990) (per curiam), *superseded by statute on other grounds as explained*, *Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1366–68 (11th Cir. 2006). That is, a petitioner challenging immigration-related detention must be in custody of the immigration agency. *See id.*; *Louis v. Sec'y, Fla. Dep't of Corr.*, 524 F. App'x 583, 584 (11th Cir. 2013); *Gomez-Cruz v. Bradley*, No. 7:19-CV-1069-ACA-GMB, 2020 WL 4680277, at *2 (N.D. Ala. July 21, 2020), *report and recommendation adopted*, No. 7:19-CV-1069-ACA-GMB, 2020 WL 4673335 (N.D. Ala. Aug. 12, 2020).

Because Petitioner challenges his immigration detention and final order of removal, the Court has jurisdiction only if Petitioner was in the custody of DHS and ICE at the time the petition was filed. He was not: ICE did not take custody of Petitioner until *after* the petition was filed. Prior to that point, he was not in ICE or DHS custody. The mere lodging of a DHS detainer does not by itself cause a petitioner to come within ICE's custody for purposes of a § 2241 petition for writ of habeas corpus. *See Orozco*, 911 F.2d at 541; *accord Campillo v. Sullivan*, 853 F.2d 593, 596 (8th Cir. 1988); *see also Louis v. Sec'y, Fla. Dep't of Corr.*, 524 F. App'x 583, 583–84 (11th Cir. 2013) (per curiam); *Roberts v. INS,* 372 F. App'x 921, 924

3

(11th Cir. 2010) (per curiam). As Petitioner agrees, the ICE detainer had not been executed at the time of the filing of the petition. (Doc. 1 at 14.)

The fact that Petitioner was later taken into ICE custody does not cure the defect because jurisdiction must be established at the time of filing. *See, e.g.*, *Howard v. Warden*, 776 F.3d 772, 776 (11th Cir. 2015) (holding that § 2241 requires a "close relationship" between the custody and the alleged constitutional violation such that the petitioner is in custody under the challenged conviction or sentence); *Hilton v. Johnson*, 82 F. App'x 521, 521 (9th Cir. 2003) (holding that petitioner's subsequent custody did not cure the jurisdictional defect that existed at the time the petition was filed); *Davis v. Warren*, No. 18-1768, 2019 WL 3035577, at *2 (6th Cir. Feb. 19, 2019) (holding that the district court lacked subject matter jurisdiction at the time of filing of the petition even though the jurisdictional defect had since been cured); *Y.G.H. v. Trump*, 787 F. Supp. 3d 1097, 1103 (E.D. Cal. 2025) (finding jurisdiction lacking where petitioner was in ICE custody in another federal district at the time of filing).

Petitioner will not be granted leave to amend the petition. Although Petitioner subsequently entered ICE custody after the petition was filed, any amendment would not cure the jurisdictional defect—Petitioner is no longer confined within the Middle District of Alabama. Jurisdiction over § 2241 habeas petitions challenging present physical confinement "lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). It is undisputed that Petitioner is presently confined in the Northern District of Alabama. Only that court has jurisdiction to grant the relief requested.

Accordingly, it is **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (doc. 1) is **DISMISSED** without prejudice;

2. All pending motions (docs. 2, 3) are **DENIED** as moot; and

3.      Final Judgment will be entered separately.

**DONE** and **ORDERED** on this the 11th day of August 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE